UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AVON SHUTTLEWORTH,             :

      Petitioner,                :     CIVIL ACTION NO. 3:24-1264

v.                             :          (JUDGE MANNION)

WARDEN GREEN, FCI              :
Allenwood,
                               :
      Respondent.

## MEMORANDUM

Currently before the Court is *pro se* Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241. For the reasons set forth below, the Court will deny the petition.

## I. BACKGROUND

On July 23, 2021, *pro se* Petitioner Avon Shuttleworth ("Shuttleworth"), a Jamaican citizen, pleaded guilty to possession with intent to distribute five hundred (500) grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §841(a)(1), (b)(1)(B), in the United States District Court for the Southern District of Georgia. *See United States v. Shuttleworth*, No. 2:20-cr-37 (S.D. Ga.) ("*Shuttleworth*"), Docs. 122–24, 140; *see also* (Docs. 9 at 2, 9-2 at 1, 9-5 at 1). On January 28, 2022, Shuttleworth was sentenced to sixty-eight (68) months' incarceration. *See Shuttleworth*, Doc. 140. Shuttleworth

is currently incarcerated at Federal Correctional Institution Allenwood Low, *see* (Doc. 1 at 1), and he has a projected release date of August 18, 2025, via good conduct time release. *See* (Docs. 9 at 2; 9-2 ¶ 3, 9-5 at 4).

Along with imposing a sentence of incarceration, the sentencing court directed that upon Shuttleworth's release from confinement, he "shall be delivered to a duly authorized Immigration and Customs Enforcement officer for deportation proceedings." *Shuttleworth*, Doc. 140. On April 29, 2022, the Department of Homeland Security ("DHS") issued an "Immigration Detainer – Notice of Action," which reveals that a final order of removal has been entered against Shuttleworth. (Doc. 9-5.)

More than two (2) years later, Shuttleworth commenced the instant action by filing a petition for a writ of habeas corpus under 28 U.S.C. §2241, which the Clerk of Court docketed on July 29, 2024. (Doc. 1.) In his petition, Shuttleworth asserts that the Federal Bureau of Prisons ("BOP") has failed to apply his earned time credits under the First Step Act ("FSA") due to his immigration status. (*Id.* at 6–7.) He seeks to have the Court compel the BOP to properly calculate his earned time credits and apply them toward his pre-release custody in either a residential reentry center or home confinement. (*Id.*)

Respondent filed a response in opposition to the petition on September 10, 2024. (Doc. 9.) In the response, Respondent argues that the Court should deny the petition because Shuttleworth is subject to a final order of removal and, as such, is ineligible for earned time credits under the FSA. (*Id.* at 2–5.)

Shuttleworth filed a reply brief to the response, which the Clerk of Court docketed on September 27, 2024. (Doc. 10.) He appears to argue that neither the DHS nor BOP ever provided him with a final order of removal, and he "never had a chance to get a final order of removal nor [sic] was afforded due process to even address a final order of removal." (*Id.* at 1.) He then requests, as an alternative to habeas relief, that the Court "conver[t] . . . []his [habeas] petition to a petition for review to the appropriate Court to address the pending final order of removal claim for deficiency [sic]." (*Id.*)

II. **DISCUSSION**

    **A. Shuttleworth's Request to Have the Court Convert His Habeas Petition into a Petition for Review of His Final Order of Removal**

Before addressing the merits of Shuttleworth's petition, the Court first addresses his contention in his reply brief that the Court should convert his habeas petition into a petition for review of his final order of removal. The Court rejects this contention because the "exclusive remedy for challenging

an order of removal is a petition for review filed with 'the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.'" *Portes-Ortiz v. Mukasey*, No. 08-cv-1321, 2008 WL 2973016, at *1 (M.D. Pa. Aug. 4, 2008) (quoting 8 U.S.C. §1252(b)(2)) (citing 8 U.S.C. §1252(a)(5) and *Jordan v. Attorney Gen.*, 424 F.3d 320, 326 (3d Cir. 2005)). Moreover, this Court "lacks subject matter jurisdiction to entertain [a] petition for review [of a final order of removal] or to transfer it to the appropriate court of appeals . . . ." *Id.* (citing *Monteiro v. Attorney Gen.*, 261 F. App'x 368, 369 (3d Cir. 2008) (unpublished)). Therefore, the Court will not, and cannot, acquiesce to Shuttleworth's alternative request in his reply brief that the Court convert his habeas petition into a petition for review of his final order of removal or direct that it be transferred to the "appropriate Court" for review. (Doc. 10 at 1.)

**B.     The Merits of the Habeas Petition**

Turning now to the merits of Shuttleworth's habeas petition, the Court concludes that his petition is meritless. Under the FSA, the Attorney General was charged with developing and releasing a Risk and Needs Assessment System (the "System") within two-hundred-and-ten (210) days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. §3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2)

assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.* §3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. §3632(b)).

As for the FSA itself, it allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. §3632(d)(4)(A), (C). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* §3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit

for every thirty (30) days of successful participation. *See id.* Nevertheless, "[a] prisoner is ineligible to apply time credits under subparagraph (C) [application of time credits toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." *Id.* §3632(d)(4)(E)(i).

Here, Respondent presented evidence that Shuttleworth is subject to a final order of removal. (Docs. 9-2 ¶ 5, 9-5 at 1, 4.) The immigration detainer, a DHS document issued by an authorized immigration official, expressly states that Shuttleworth is subject to a final order of removal. (Doc. 9-5 at 1.) Because of this final order of removal, and pursuant to the plain language of 18 U.S.C. §3632(d)(4)(E)(i), the Court cannot grant Shuttleworth the relief he seeks because the BOP properly determined that he is ineligible for application of FSA earned time credits. Accordingly, the Court will deny the habeas petition. *See Gonzalez v. Barraza*, No. 23-cv-1309, 2023 WL 8653164, at *2 (M.D. Pa. Dec. 14, 2023) (denying section 2241 habeas petition where respondent presented evidence that petitioner was subject to deportation order and, thus, BOP properly determined that he was ineligible for FSA earned time credits).

## III. CONCLUSION

Based on the foregoing, the Court declines to convert Shuttleworth's habeas petition into a petition for review of his final order of removal and transfer it to an appropriate court for review. The Court will also deny the habeas petition.[1] An appropriate Order follows.

MALACHY E. MANNION
**United States District Judge**

**DATE: October 1, 2024**
24-1264-01

---

[1] The Court has not addressed whether a certificate of appealability should issue under 28 U.S.C. §2253(a) because federal prisoners like Shuttleworth need not obtain a certificate of appealability to proceed with an appeal in a Section 2241 habeas case. *See United States v. Cepero*, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012).